# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITTSBURGH LEAGUE OF YOUNG ) <br> VOTERS EDUCATION FUND and ) <br> AMERICAN CIVIL LIBERTIES ) <br> FOUNDATION OF PENNSYLVANIA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PORT AUTHORITY OF ALLEGHENY ) <br> COUNTY; and ANTHONY J. HICKTON, ) <br> Director of Sales, ) <br> ) <br> Defendants. ) | 02: 06cv1064 |

## MEMORANDUM ORDER OF COURT

Presently before the Court are the Motions in Limine filed by the parties, two filed by Defendants (*Document Nos. 88 and 90*) and two filed by Plaintiffs (*Document Nos. 92 and 94*). The parties petition the Court to preclude certain evidence from the upcoming bench trial. The issues have been fully briefed and are ready for disposition; therefore, the motions will be addressed seriatim. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103).

A. *Motions in Limine filed by Defendants*

    1. <u>Motion in Limine to Limit Evidence To Education-Rights Advertisements</u>

Plaintiffs have identified as trial exhibits three (3) rights-education advertisements that were placed by (i) Just Harvest, (ii) Women's Law Project, and (iii) Pittsburgh

Commission of Human Relations / Fair Housing Center of Southwestern Pennsylvania, as well as eleven (11) other advertisements accepted and exhibited by the Port Authority.  Defendants seek to limit Plaintiffs' evidence at trial to the three (3) rights-education advertisements.  Defendants argue that the eleven (11) other advertisements do not involve rights education and, therefore, should not be admissible as evidence at trial.

Plaintiffs respond that Defendants are inappropriately attempting to limit the scope of the advertisements that should be considered in this case and that  "the fact defendants displayed numerous noncommercial advertisements on Port Authority buses suggests that the noncommercial nature of plaintiffs' proposed ad was not the real reason they rejected it."  Further, Plaintiffs argue that the eleven (11) noncommercial advertisements that Plaintiffs identified as exhibits in their Pretrial Statement are relevant to determining whether Defendants engaged in viewpoint discrimination in rejecting Plaintiffs' proposed advertisement.

The Court finds Defendants' argument to be without merit.   First, the Court has previously seen and discussed each of these eleven (11) advertisements.  *See* Memorandum Opinion on summary judgment motions, pp. 14 at nn.1-6, 27 at n. 8, 28 at nn. 10-11.   Second and foremost, the central issue to the resolution of this case is whether Defendants' justification for its rejection of Plaintiffs' advertisement was intended to disguise a viewpoint-discriminatory motive.  The Court finds that the additional eleven (11) advertisements may be relevant to the issue of viewpoint discrimination because they may render suspect the Port Authority's stated reason for rejecting Plaintiffs' advertisement. Accordingly, Defendants' request to limit Plaintiffs' evidence at trial to the three (3) rights-education advertisements is **DENIED.**

Defendants also request the Court to preclude testimony by the sponsors of the three (3) rights-education advertisements about the structure, mission and manner in which these organizations conduct their activities. However, as Plaintiffs point out, Defendants have made such testimony relevant because Defendants have contended that the rights-education advertisements are commercial because of the way the sponsoring organizations operate. For example, in their Pretrial Statement, Defendants contend that the Women's Law Project and Fair Housing Partnership advertisements are commercial because their purpose is to advertise legal services for which the attorneys for the organization sometimes receive compensation. Defs' Pretrial Statement at 9. However, there is no indication from the face of these advertisements that the attorneys would be entitled to compensation and there is no information on the advertisements with regard to the cost, if any, of the services.

As the Court explained in its summary judgment opinion "if a fact-finder concludes . . . that the plaintiffs would have offered similar legal services in their advertisements [as the Women's Law Project], it could reasonably find that the defendants' justifications were a pretext for viewpoint discrimination." See slip op. at 44. Accordingly, the Court finds and rules that the non-party testimony regarding the structure and mission of organizations that have sponsored rights-education advertisements on Port Authority buses may be relevant. This Motion is therefore **DENIED** in all respects.

2. Motion in Limine to Preclude Evidence Relating to "Wage" Damages

As compensatory damages, Plaintiffs seek to recover the salaries and/or wages paid to staff members for time "diverted from the pursuit of their organizational missions in order to respond to defendants' violations of plaintiffs' First Amendment rights." Plaintiffs' Pre-Trial Statement, p. 8. Defendants argue that Plaintiffs' claim for monetary damages is lacking any foundation and wholly speculative. Plaintiffs respond that their "damage calculation is based upon recorded hours spent on certain tasks and on estimates of time spent on other tasks." Pls' Br. at 7. Further, the manner in which Plaintiffs calculated their damages, totaling $2,206.02, is described in their Pretrial Statement.

As both parties acknowledge, damages must be calculated to a degree of reasonable certainty and cannot be speculative, vague or contingent on unknown factors. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3rd Cir. 2003). Plaintiffs represent that documentary evidence is available to establish compensation rates and that witnesses may be called to prove these monetary damages. Accordingly, this Motion is **DENIED**. The Court will consider the documentary evidence and testimony of witnesses and determine the weight such evidence warrants.

B. *Motions in Limine filed by Plaintiffs*

1. Motion in Limine to Exclude Defendants' Exhibit 2

Plaintiffs seek to exclude Defendants' Exhibit 2, which is identified as a "Memorandum Prepared by Christopher Hess." Plaintiffs argue that this proposed Exhibit is not relevant under Rules of Evidence 401 and 402 and that this document "is a self-serving

legal memorandum drafted by Port Authority legal counsel Christopher Hess for the purpose of establishing a particular legal point . . . ." Pls' Br. at 2. Defendants respond that Christopher Hess did not prepare the Memorandum in conjunction with this litigation and that the "Memorandum is highly relevant to prove that Defendants did not engage in viewpoint discrimination." Defs' Br. at 2.

This Motion is **DENIED** for two reasons. First, the Court has previously seen and analyzed this memorandum during the course of its rulings on the motions for summary judgment. (*See* Document No. 54). Second, during the non-jury trial, Christopher Hess can testify as to his opinion(s) on everything contained in the Memorandum. Given that this case is a bench trial and because the Court has seen this Memorandum previously, this motion is denied. During the bench trial, the Court will give the Memorandum whatever weight it deserves.

2. Motion in Limine to Exclude Defendants' Exhibit 13

Plaintiffs seek to exclude from introduction at trial Defendants' Exhibit 13, which is identified as Plaintiffs' Memorandum in Support of Issuance of Temporary Restraining Order and/or Preliminary Injunction. Plaintiffs argue that this Memorandum is not relevant under Rules of Evidence 401 and/or 402. Defendants respond that the Memorandum is "highly relevant to prove that Defendants did not engage in viewpoint discrimination."

Pleadings, while generally available to the public, are *not* evidence admitted at trial, nor are they given to the jury /fact finder for consideration. The mere inclusion of facts or

arguments in a pleading does not constitute or justify their admission into evidence.

Accordingly, this motion in limine is **GRANTED.**

So **ORDERED** this 4th day of December, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Jon Pushinsky, Esquire
Email: jonpush@aol.com

Witold J. Walczak, Esquire
Email: vwalczak@aclupgh.org

Sara Rose, Esquire
ACLU
Email: srose@aclupgh.org

Gregory J. Krock, Esquire
Buchanan Ingersoll & Rooney
Email: gregory.krock@bipc.com

Michael J. Cetra, Esquire
Port Authority of Allegheny County
Email: mcetra@portauthority.org